UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 20-291-AB (KK)** | Date: | January 23, 2020 |
| Title: | *Eric Robinson v. J. Pickett, Warden* | | |

Present: The Honorable **KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE**

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner: | Attorney(s) Present for Respondent: |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order to Show Cause Why this Action Should Not Be Dismissed as Untimely

## I.
## INTRODUCTION

Petitioner Eric Robinson ("Petitioner") has filed a <u>pro se</u> Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254. It appears, however, the Petition is subject to dismissal as untimely. The Court will provide Petitioner an opportunity to address this issue before making a final determination regarding whether the Petition should be dismissed.

## II.
## BACKGROUND

### A. STATE COURT PROCEEDINGS

On January 10, 1994, following a jury trial in the Los Angeles County Superior Court, Petitioner was convicted of murder, attempted murder, kidnapping, oral copulation, rape, sodomy, oral copulation in concert, and a firearm enhancement. Dkt. 1 at 2. On May 5, 1994, Petitioner was sentenced to an indeterminate term of life in state prison without the possibility of parole on count 1 as well as a total determinate sentence of 43 years to be served first and consecutive to the indeterminate sentence. <u>See</u> dkt. 1 at 12, 78.

On June 30, 1994, Petitioner filed an appeal in the California Court of Appeal. Dkt. 1, Pet. at 2-3, 13; Cal. Courts, Appellate Courts Case Info., Docket, https://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=2&doc_id=1023734&doc_no=B085183&request_token=NiIwLSEmXkw%2BW1BFSCJdXEhIIEg6USxbKyNOQzJTQCAgCg%3D%3D (last updated Jan. 22, 2020 at 3:07 PM). On December 23, 1996, the California Court of Appeal set aside the finding of a special circumstance on count 1, reversed the Judgment "insofar as it relates to penalty," and affirmed the judgment in all other respects. Dkt. 1, Pet. at 3, 13-14, 70-71.

On January 14, 1997, Petitioner filed a petition for review in the California Supreme Court. Dkt. 1, Pet. at 3, 13; Cal. Courts, Appellate Courts Case Info., Docket, https://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=2&doc_id=1023734&doc_no=B085183&request_token=NiIwLSEmXkw%2BW1BFSCJdXEhIIEg6USxbKyNOQzJTQCAgCg%3D%3D (last updated Jan. 22, 2020 at 3:07 PM). On March 26, 1997, the California Supreme Court summarily denied review. Dkt. 1, Pet. at 3, 13. On April 2, 1997, remittitur issued. Id. at 13, 73.

On April 25, 1997, the Los Angeles County Superior Court issued minutes of a proceeding captioned "Return on Remittitur" stating "Court and counsel read the Remittitur and determine[d] that no action is required." Id. at 75.

In 2016, Petitioner wrote to the California Appellate Project ("CAP") stating he had discovered for the first time in 2014 that the California Court of Appeal had reversed some portion of his conviction in 1996, but he had not been resentenced. Id. at 14-15. In September 2016, an attorney from CAP contacted Petitioner and advised she had reviewed the December 23, 1996 Court of Appeal Opinion and the April 25, 1997 Return on Remittitur Minute Order. Id. at 15.

On January 31, 2017, Petitioner, proceeding with counsel, was resentenced to 25 years to life on count 1, an additional year on the special allegation pursuant to Section 12022(A)(1) of the California Penal Code, with all other terms of the sentence on the other counts to remain the same. Id. at 80.

On July 9, 2018, Petitioner filed a habeas petition in the Los Angeles County Superior Court raising the following six claims: (1) denial of right to notice of the April 25, 1997 Return on Remittitur proceeding; (2) denial of right to be present at the April 25, 1997 Return on Remittitur proceeding; (3) denial of counsel at the April 25, 1997 Return on Remittitur proceeding; (4) grossly disproportionate sentence; (5) Cunningham[1] error; and (6) "trial court acted in excess of jurisdiction." Id. at 3-4. On July 25, 2018, the superior court denied the petition. Id. at 52-56.

On September 27, 2018, Petitioner filed a habeas petition in the California Court of Appeal raising the following five claims: (1) denial of right to notice of the April 25, 1997 Return on Remittitur proceeding; (2) denial of right to be present at the April 25, 1997 Return on Remittitur proceeding; (3) denial of counsel at the April 25, 1997 Return on Remittitur proceeding; (4) grossly disproportionate sentence; and (5) Cunningham error. Dkt. 1, Pet. at 4. On January 16, 2019, the California Court of Appeal denied the petition. Id.

---

[1] Cunningham v. California, 549 U.S. 270, 270, 127 S. Ct. 856, 857, 166 L. Ed. 2d 856 (2007).

On April 12, 2019, Petitioner filed a habeas petition in the California Supreme Court raising the same five claims. Id. On September 18, 2019, the California Supreme Court summarily denied the petition. Id. at 5.

On October 21, 2019, Petitioner filed a second habeas petition in the California Supreme Court raising an additional claim regarding his restitution order. Id. at 8. On January 15, 2020, the California Supreme Court summarily denied the petition. Cal. Courts, Appellate Courts Case Info., Docket, https://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=2300882&doc_no=S258695&request_token=NiIwLSEmXkw%2BW1BBSCMtTEtIUEg0UDxTJiBeXzNSICAgCg%3D%3D (last updated Jan. 23, 2020 at 12:10 PM).

## B. FEDERAL HABEAS PROCEEDINGS

On December 29, 2019, Petitioner constructively filed[2] the instant Petition. Dkt. 1, Pet. at 8. Petitioner appears to be challenging his resentencing on the grounds that it (a) should have occurred, (b) with him present, and (c) with counsel on August 25, 1997. Petitioner raises the following five claims: (1) denial of right to notice of the April 25, 1997 Return on Remittitur proceeding; (2) denial of right to be present at the April 25, 1997 Return on Remittitur proceeding; (3) denial of counsel at the April 25, 1997 Return on Remittitur proceeding; (4) grossly disproportionate sentence; and (5) Cunningham error.

## III.
## THE PETITION IS UNTIMELY AND IS SUBJECT TO DISMISSAL

### A. THE PETITION WAS FILED AFTER AEDPA'S ONE-YEAR LIMITATIONS PERIOD

Petitioner filed the Petition after April 24, 1996, the effective date of AEDPA. Dkt. 1. Therefore, the requirements for habeas relief set forth in AEDPA apply. Soto v. Ryan, 760 F.3d 947, 956-57 (9th Cir. 2014). AEDPA "sets a one-year limitations period in which a state prisoner must file a federal habeas corpus petition." Thompson v. Lea, 681 F.3d 1093, 1093 (9th Cir. 2012). Ordinarily, the limitations period runs from the date on which the prisoner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1) ("Section 2244(d)(1)").

As he did not appeal from the January 31, 2017 resentencing, Petitioner's judgment became final sixty days later, on April 3, 2017, when the time to file an appeal expired. See Burton v. Stewart, 549 U.S. 147, 156 (2007) (where state appellate court remands for resentencing, the limitations period does not begin until both the conviction and resentencing are final on direct review); see also Cal. R. Ct. 8.308(a) ("[A] notice of appeal… must be filed within 60 days after the rendition of the judgment or the making of the order being appealed."); Barragan v. Koenig, No. CV 18-5417-R (JEM), 2018 WL 6004049, at *3 (C.D. Cal. Oct. 16, 2018), report and recommendation adopted, 2018 WL 6003840 (C.D. Cal. Nov. 15, 2018) (finding petition untimely where petitioner

---

[2] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the Court deems the pleading constructively filed on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted).

waited two years after resentencing before filing his federal habeas petition). AEDPA's one-year limitations period commenced the next day, April 4, 2017 and expired on April 4, 2018. 28 U.S.C. § 2244(d)(1). However, Petitioner constructively filed the instant Petition on December 29, 2019. Therefore, in the absence of any applicable tolling, the Court finds the Petition untimely by over a year and eight months under Section 2244(d)(1). Thompson, 681 F.3d at 1093.

**B.     STATUTORY TOLLING DOES NOT RENDER THE PETITION TIMELY**

"A habeas petitioner is entitled to statutory tolling of AEDPA's one-year statute of limitations while a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" Nedds v. Calderon, 678 F.3d 777, 780 (9th Cir. 2012) (quoting 28 U.S.C. § 2244(d)(2) ("Section 2244(d)(2)")). Statutory tolling does not extend to the time between the date on which a judgment becomes final and the date on which the petitioner files his first state collateral challenge because, during that time, there is no case "pending." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Moreover, "[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed." Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (citation omitted).

Here, Petitioner did not appeal his conviction or file any state habeas petitions until July 9, 2018. See dkt. 1, Pet. at 3-4. The limitations period, however, ended on April 4, 2018. Therefore, statutory tolling does not render the Petition timely. See Ferguson, 321 F.3d at 823.

**C.     EQUITABLE TOLLING DOES NOT RENDER THE PETITION TIMELY**

In addition to the statutory tolling provided for by Section 2244(d)(2), the "AEDPA limitations period may be tolled" when it is "equitably required." Doe v. Busby, 661 F.3d 1001, 1011 (9th Cir. 2011). The "threshold necessary to trigger equitable tolling [under AEDPA] is very high." Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010) (alteration in original). A court may grant equitable tolling only where "'extraordinary circumstances' prevented an otherwise diligent petitioner from filing on time." Forbess v. Franke, 749 F.3d 837, 839 (9th Cir. 2014). The petitioner "bears a heavy burden to show that [he] is entitled to equitable tolling, 'lest the exceptions swallow the rule.'" Rudin v. Myles, 781 F.3d 1043, 1055 (9th Cir. 2015).

Here, Petitioner does not appear to specifically identify any reasons entitling him to equitable tolling and the Court has not found any basis to support such a claim. Therefore, equitable tolling does not render the Petition timely. Bills, 628 F.3d at 1097.

## IV.
## ORDER

For the foregoing reasons, the Petition appears subject to dismissal. Petitioner is therefore **ORDERED TO SHOW CAUSE** why the Petition should not be dismissed as untimely by filing a written response no later than **February 13, 2020**.

ALTERNATIVELY, **Petitioner May Voluntarily Dismiss the Action Without Prejudice**: Instead of filing a response to the instant Order, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of the Court has attached a Notice of Dismissal form for Petitioner's convenience.** However, the Court

warns Petitioner that if Petitioner should later attempt to again raise any dismissed claims in a subsequent habeas petition, those claims may be time-barred under the statute of limitations in Section 2244(d)(1). 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").

**The Court warns Petitioner failure to timely file a response to this Order will result in the Court dismissing this action with prejudice as untimely and/or for failure to prosecute and comply with court orders. See Fed. R. Civ. P. 41(b).**

**The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record.**

**IT IS SO ORDERED.**